# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DARIN DOE,
    *Petitioner*,

    v.                                                                        No. 3:23-cv-1255 (JAM)

STOVER, Warden,
    *Respondent*.

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Darin Doe has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks relief from being denied an opportunity to participate in a residential drug abuse treatment program that may allow him to earn a reduction in his sentence of imprisonment. Because Doe has not exhausted his available administrative remedies, I will dismiss the petition without prejudice.

#### BACKGROUND

Doe was convicted for possession of child pornography, and he is serving a 10-year prison sentence at FCI Danbury with an estimated release date in January 2026.[1] The Bureau of Prisons (BOP) administers an intensive Residential Drug Abuse Rehabilitation Problem (RDAP) at FCI Danbury, and the BOP in its discretion may grant early release by up to one year for a prisoner who has been convicted of a non-violent offense and who successfully completes the RDAP program. *See* 18 U.S.C. § 3621(e); *United States v. Mizell*, 2021 WL 798099, at *3 (S.D.N.Y. 2021).

Doe claims that he has been wrongfully denied admission to the RDAP program because of a BOP policy that allows admission only to prisoners who have a documented substance use disorder during the 12 months before they were arrested and incarcerated for their offense of

---

[1] Doc. #8 at 1; Doc. #11 at 2-3.

conviction. *See Anderson v. Schultz*, 2010 WL 5017352, at *3 (D.N.J. 2010) (discussing how "BOP has instituted a practice of (1) reviewing the prisoner's history of substance abuse during the twelve-month period precedent entry into a 'controlled environment' and (2) examining the prisoner's central file to determine if documentation exists to support a claim of substance abuse or dependence during the twelve-month period immediately preceding the prisoner's incarceration").

Doe alleges somewhat confusing facts about why he believes that this policy unfairly precludes him from admission to the RDAP program. It appears that Doe's home was searched for child pornography by law enforcement officers in November 2015, but that he was not actually arrested for child pornography until a year or more after the search of his home.

According to Doe, he has had "a known drug problem since the 1990s," but the BOP denied his application for RDAP because it believed that "his abuse . . . stopped in November of 2015, more than 1 year prior to his arrest."[2] He says that "he was scared into not doing drugs" after his home was searched in November of 2015 "[b]ecause he knew arrest was imminent."[3] Yet he further claims that he "lied to probation stating that he was not using drugs since the time with his initial contact with law enforcement for the instant offense."[4]

All in all, Doe maintains that the BOP's 12-month rule contravenes Congress's purpose to encourage substance abuse rehabilitation. He claims that the relevant criteria should be whether a prisoner's use of drugs contributed to their offense, rather than whether they were using drugs within 12 months of their arrest.[5] Regardless of when a defendant may be eventually arrested for a crime, he claims that "[t]he rule should be rewritten so that there must be

---

[2] Doc. #1 at 7.
[3] Doc. #1 at 8.
[4] Doc. #11 at 5.
[5] *Ibid.*

'documentation to support the relevant 12-month period was the time before the date of the current offense.'"[6]

DISCUSSION

A federal court has jurisdiction over habeas corpus petitions filed by federal prisoners who are "in custody under or by color of the authority of the United States" or who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) (quoting *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)).[7] Because the administration of RDAP and any award of early release concerns the execution of a prison sentence, I will assume that Doe may properly seek relief by way of a § 2241 petition. *See Martinez-Castillo v. United States*, 2019 WL 3451129, at *3 (S.D.N.Y. 2019).

Still, however, federal courts require that a prisoner exhaust his available administrative remedies before seeking relief under § 2241. *See Smith v. Pullen*, 2023 WL 3355542, at *1 (D. Conn. 2023). A prisoner in BOP custody exhausts his administrative remedies by completing a four-step process involving (1) an attempt at informal resolution; (2) a written remedy request to the warden; (3) an appeal to the regional director; and (4) an appeal to the BOP general counsel's office. *See ibid*.

Doe admits that he has not exhausted his administrative remedies.[8] Yet a court has discretion to excuse a failure to exhaust for any of at least four reasons: that "(1) available

---

[6] Doc. #11 at 4-5.
[7] Unless otherwise noted, and for ease of reading, this ruling omits all internal quotations, brackets, and derivative citations for all quotations from cases.
[8] Doc. #1 at 2-3.

remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Id.* at *1 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

Doe claims that he should not have to exhaust administrative remedies because "[t]he denial is based on a policy which will be the basis for denial of any remedy."[9] But the record is far too scant to show that as a matter of policy BOP would necessarily deny Doe relief. If Doe were to seek administrative relief, he could potentially show that he continued to have substantive abuse challenges leading up to his arrest, that there was documentation available, and that there were countervailing reasons that explain why he lied to the probation office about not using drugs since the time with his initial contact with law enforcement. I cannot be confident that the BOP necessarily would have denied Doe admission to the RDAP program if he had raised his concerns with the BOP rather than with this Court in the first instance.

Moreover, "even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). So the fact that Doe decided not to exhaust his administrative remedies has very possibly compromised the factual record for this Court to review.

Doe also argues that it is now too late to exhaust the administrative process because there is too little time remaining on his sentence for him to complete the RDAP program and to receive a potential sentence reduction.[10] But this is a problem of Doe's own making because he decided in the first instance not to exhaust his administrative remedies before filing his petition

---

[9] *Id.* at 3.
[10] Doc. #11 at 6.

or even at any time in the months since when he was put on clear notice by the BOP's response to the petition that he had failed to exhaust his administrative remedies.

In short, Doe has failed to his exhaust his administrative remedies as required and has not established that this failure should be excused. Accordingly, I will dismiss his petition for writ of habeas corpus without prejudice to re-filing upon a showing that Doe has properly exhausted his administrative remedies.

## CONCLUSION

The Court DISMISSES without prejudice the petition for writ of habeas corpus (Doc. #1) for failure to exhaust administrative remedies. The Court GRANTS Doe's motion for case status (Doc. #12) in the form of this ruling.

The Clerk of Court shall close this case. Because Doe has not made a substantial showing that this ruling denies his constitutional rights, no certificate of appealability shall enter. *See* 28 U.S.C. § 2253(c)(2).

It is so ordered.

Dated at New Haven this 20th day of November 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge